Minute Order Form (6/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | **WILLIAM T. HART** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **98 C 8080** | **DATE** | **JUNE 22, 2000** |
| **CASE TITLE** | **GARY TOWNSEND AND ALEX RILEY v. PAUL VALLAS, et al.** | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff Riley's motion to reconsider ruling on defendants' motion for summary judgment [40-1] is denied. Defendants' motion to reconsider memorandum opinion and order entered May 30, 2000 [41-1] is denied. Status hearing set for August 16, 2000 at 11:00 a.m. Defendants' motion to suspend appeal pending district court ruling is denied without prejudice as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 23 2000 | |
| | Notified counsel by telephone. | | date docketed | 44 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 06/22/00 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WJS | courtroom deputy's initials | 00 JUN 22 PM 3:35 Date/time received in central Clerk's Office | MQM mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 23 2000

GARY TOWNSEND and )
ALEX RILEY, )
)
)
Plaintiffs, )
)
v. ) No. 98 C 8080
)
PAUL VALLAS, MARILYN JOHNSON, )
and CHICAGO SCHOOL REFORM )
BOARD OF TRUSTEES, a municipal )
corporation, a/k/a Board of )
Education of the City of Chicago, )
)
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

On May 26, 2000, defendants' motion for summary judgment was granted in part and denied in part (hereinafter "Opinion").[1] Plaintiff Alex Riley's remaining liberty interest claim was dismissed and plaintiff Gary Townsend's retaliation claim was dismissed. Dismissal of Townsend's procedural due process claim was denied, including the individual defendants' contention that they were entitled to qualified immunity. On May 30, 2000, the order was entered on the docket.

---

[1] Familiarity with the contents of the Opinion is presumed.



On June 9, 2000, the individual defendants, Paul Vallas and Marilyn Johnson, filed a notice of appeal as to the qualified immunity issue. On June 12, Vallas, Johnson, and the municipal defendant, the Chicago School Reform Board of Trustees, filed their motion for reconsideration as to Townsend's due process claim. On that same day, Riley filed his motion for reconsideration of the dismissal of his liberty interest claim.

To the extent the qualified immunity issue is properly appealable, see Coady v. Steil, 187 F.3d 727, 730-31 (7th Cir. 1999) (qualified immunity questions as to whether law is clearly established are immediately appealable, but not the district court's determination as to what facts are in dispute), the May 26 Order (entered on May 30) is a judgment. See Fed. R. Civ. P. 54(a); Ruehman v. Village of Palos Park, 842 F. Supp. 1043, 1062 (N.D. Ill. 1993), aff'd sub nom., Ruehman v. Sheahan, 34 F.3d 525 (7th Cir. 1994). At least to the extent Vallas's and Johnson's motion for reconsideration contests the Opinion's ruling as to clearly established law, it seeks reconsideration of a judgment and therefore is a motion pursuant to Fed. R. Civ. P. 59(e).[2] The motion was timely filed within the ten-day time period contained in Rule 59(e). Therefore, the notice of appeal

---

[2] Since not a final judgment, this court otherwise has inherent authority to address the reconsideration motion of the individual defendants, as well as the motions on behalf of Riley and the Board. See Anderson v. Cornejo, 2000 WL 286902 *18 (N.D. Ill. March 10, 2000); Ruehman, 842 F. Supp. at 1062-63.

- 2 -

does not become effective until after the individual defendants' reconsideration motion is ruled upon, Fed. R. App. P. 4(a)(4)(B)(i), and this court has jurisdiction to consider defendants' reconsideration motion in its entirety despite the prior filing of the notice of appeal. See id.; Wielgos v. Commonwealth Edison Co., 892 F.2d 509, 511 (7th Cir. 1989);[3] Schaurer v. Coombe, 108 F.R.D. 180, 182 (W.D.N.Y. 1985).

In the Opinion, it was held that Riley's liberty interest claim, which is only for damages, failed because he did not show that the defamatory statements caused him to lose other employment opportunities. See Opinion at 14. In other words, he failed to show that he satisfied the third element of his claim. See id. at 11 (quoting Strasburger v. Board of Education, Hardin County Community Unit School District No. 1, 143 F.3d 351, 356 (7th Cir. 1998), cert. denied, 525 U.S. 1069 (1999)). Riley contends that the factual statement at page 9 of the Opinion that Riley "did make an inquiry about returning to work at Julian and it was made clear to him that he could not work for any Board facility" is inconsistent with this holding. That statement and the evidence supporting it, however, do not show that Riley sought employment at other Board facilities. But even if such a

---

[3] Wielgos was decided prior to the present version of Appellate Rule 4(a) which no longer requires that a notice of appeal be refiled after the Rule 59(e) motion is ruled upon. Compare Fed. R. App. P. 4(a)(4)(B)(i) (2000) with Fed. R. App. P. 4(a)(4) (1989).

fact could be inferred from the evidence, it would not be sufficient. Riley had no property interest in working at the Board; the Board had no obligation to employ him in any capacity. To succeed on his liberty interest claim, Riley instead must show, as one element of his damages claim, that the Board's defamatory comments actually caused him to lose work with other employers. The loss of other positions with the same employer does not satisfy this requirement.[4] Riley's reconsideration motion will be denied.

As to Townsend's due process claim, defendants contend that the tenure laws applicable to teachers in the Chicago public school system are distinct from those applicable to other public schools in the state.[5] They contend that the statutory

---

[4]This is not like those cases discussed in Paul v. Davis, 424 U.S. 693, 702-05 (1976), where employees were foreclosed from any employment with the entire federal government. The Chicago school system is one of many school systems in the metropolitan area and state. Also, it is an entity distinct from the City of Chicago, the Chicago Park District, and numerous other municipal entities in the metropolitan area.

[5]Defendants intimate in their brief (at pages 1-2) that the court raised issues not specifically addressed by the parties. Defendants do not contend it was improper to consider these issues or that Townsend waived any of these issues. Defendants' only contention is that this permits them to specifically address the issues in a reconsideration motion. Defendants right to address these issues in its reconsideration motion is not questioned. It is noted, though, that the court simply expanded on issues that were raised by the parties, but not fully explicated. For example, the parties agreed that Townsend had a protectible property interest in his teaching position, but failed to consider the precise nature of that property interest and how it related to the arguments they presented. In general, the briefs of both sides should have

provisions and case law defining removal as including a transfer out of a certified teaching position, see Opinion at 16-20, do not apply to Townsend's position in the Chicago public schools. It was recognized that a different set of statutes applies to the Chicago public schools than to other public schools in Illinois. See, e.g., Opinion at 16 n.7. However, both sets of statutes provide that a tenured teacher, that is a teacher who has completed the probationary period, may not be removed except for cause. See id. The statute for schools outside Chicago expressly defines a teacher as being an employee required to be certified as a teacher. See 105 ILCS 5/24-11 (formerly codified as Ill. Rev. Stat. ch. 122, ¶ 24-11). While not containing an express definition as does § 24-11, the statute applicable to Chicago teachers also requires that they be certified as teachers. See Opinion at 18 n.8. Moreover, following case law involving non-Chicago schools, the statute applicable to Chicago schools has been construed as providing that tenure is as a certified employee. See Bart v. Board of Education of Chicago, 256 Ill. App. 3d 880, 632 N.E.2d 39, 42 (1st Dist. 1993), appeal denied, 155 Ill. 2d 561, 633 N.E.2d 1 (1994) (cited in Opinion at 17, 19, 32). Additionally, at least one statute applicable to Chicago school teachers uses the same definition of teacher as the one contained in § 24-11. See 105 ILCS 5/21-23(d). There

---

addressed the issues raised with more fully developed legal arguments.

- 5 -

Opinion at 27-31, 34 n.13. There is no need to modify the court's prior decision.

Last, defendants contend that Townsend cannot bring a due process claim based on loss of his coaching income. As the Opinion at 15 makes clear, it was not being held that Townsend had a property interest in the coaching income. Instead, as is set forth at pages 21 to 22 of the Opinion, to be cognizable as a federal due process claim, Townsend's removal from his teaching position must involve a pecuniary loss. The loss need not be direct and it may involve a loss of income in which he did not have a protectible property interest. See id. (citing Swick v. City of Chicago, 11 F.3d 85, 86-87 (7th Cir. 1993)). Defendants' citation to Klug v. Chicago School Reform Board of Trustees, 197 F.3d 853, 859-60 (7th Cir. 1999), is misplaced. That case discusses the loss of employment that must accompany a liberty interest claim,[8] not the requirement for a pecuniary loss when an employee is deprived of a property interest in his employment. For the reasons set forth in the Opinion at 21-22, Townsend

---

defendants would not have had any reasonable basis for believing they could legally postpone Townsend's hearing for an indefinite period of time. See discussion at Opinion 27, 33.

[8]In ruling on defendants' prior motion to dismiss, it was held that Townsend failed to state a liberty interest claim because, according to the allegations of the complaint, any stigmatization was not accompanied by a discharge. See Townsend v. Vallas, 1999 WL 409996 *5 (N.D. Ill. June 7, 1999). This is the same issue that is reached in Klug.

- 7 -

satisfied the requirement that his deprivation of property include a pecuniary loss.

For the foregoing reasons, defendants' motion for reconsideration will be denied.

As was set forth in the Opinion at 37, a settlement conference was scheduled for June 14, 2000. That conference was held, but settlement does not appear likely. There is still a limited possibility that Townsend and defendants will resolve their dispute by settlement. The Opinion at 37 also states that, absent settlement, a short date would be set for the filing of a final pretrial order. However, since the individual defendants have appealed the qualified immunity issue, it would be inappropriate to continue to proceed as to the claims against them. Although the Board is not a party to that appeal, interests in judicial economy go against proceeding separately on Townsend's claim against the Board. Preparation of the final pretrial order will not be required until after resolution of the appeal. A status hearing is set to report on progress of the appeal. In the interim, if the case is settled or otherwise resolved in part or its entirety, the parties should take the appropriate action to withdraw their appeal and also promptly inform this court so that, if appropriate, a final judgment can be entered, including a final judgment as to Riley's cause of action.

IT IS THEREFORE ORDERED that plaintiff Riley's motion to reconsider ruling on defendants' motion for summary judgment [40-1] is denied. Defendants' motion to reconsider memorandum opinion and order entered May 30, 2000 [41-1] is denied. Status hearing set for August 16, 2000 at 11:00 a.m. Defendants' motion to suspend appeal pending district court ruling is denied without prejudice as moot.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JUNE 22, 2000